**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Gonzalez MAGANA, Defendant—**
**Appellant.**

No. 98–10487.

D.C. No. CR–97–05167–MDC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided July 29, 2004.

Kathleen A. Servatius, Esq., Office of the U.S. Attorney, Fresno, CA, for Plaintiff-Appellee.

David M. Porter, Esq., Federal Public Defender's Office, Sacramento, CA, for Defendant-Appellant.

Before NOONAN, THOMAS, and BERZON, Circuit Judges.

## ORDER AND MEMORANDUM *

Having heard oral argument on the petition for rehearing in this case, we grant the petition and remand for re-sentencing in accord with *United States v. Ameline*, 376 F.3d 967 (9th Cir.2004). Because the parties are familiar with the facts and history of this case we will not recount it here.

In the initial appeal before this panel, Magana's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw as counsel of record. Magana filed a *pro se* supplemental brief. We issued a memorandum disposition affirming the district court. However, the Supreme Court vacated our decision and remanded for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Gonzales Magana v. United States*, 531 U.S. 1063, 121 S.Ct. 751, 148 L.Ed.2d 655 (2001).

On remand, we issued a memorandum disposition again affirming the district court. We concluded that, although an *Apprendi* error had occurred because the jury had not determined the quantity of drugs at issue, the error was harmless. However, our court's recent decision in *Ameline* casts doubt on that conclusion, as Magana argued in post-argument submissions. *Ameline* analyzed the Supreme Court's recent opinion in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its impact on the United States Sentencing Guidelines. *Blakely* held that the " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis in original). In *Ameline*, our court noted that the defendant in that case was effectively "subject to dueling statutory maximums" in that "[u]nder 21 U.S.C. § 841(b)(1)(C), he faced a potential sentence of 0 to 20 years" but that "Congress [had] also provided, through its implicit adoption of U.S.S.G. § 2D1.1(c), a differing range of presumptive sentences based on the quantity of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

drugs, including methamphetamine, as determined by the district judge or admitted by the defendant." · *Ameline,* at 975. As such, Ameline faced a base offense level of 34, with a sentencing range of 151 to 188 months, whereas his offense level would have been 12, with a sentencing range of 10 to 16 months, based solely on Ameline's admission of distributing a detectable amount of methamphetamine. *Id.* Significantly, for our purposes, *Ameline* held that the *Blakely* error required reversal and re-sentencing under either a plain error or harmless error standard. *Id.* at 967. *Ameline* also held that a defendant could raise the issue for the first time after an appeal was submitted for decision. *Id.* at 972.

 In this case, it is undisputed that the indictment failed to allege any quantity of drugs. It is also undisputed that the jury did not find the quantity of drugs involved beyond a reasonable doubt. Finally, it is undisputed that the sentence imposed on Magana of 360 months—the floor of the Guidelines range which was itself determined in part by considerations of quantity—exceeded the statutory maximum of 20 years on any one count of conviction had no specific quantity of drugs been proven. *See* 21 U.S.C. § 841(b)(1)(C). As we acknowledged in our previous disposition, there is no doubt under these facts that *Apprendi* error occurred; the question was whether it required re-sentencing. *Ameline* makes it clear that re-sentencing is necessary.[1] Thus, we grant the petition for rehearing,

vacate the memorandum disposition filed on January 13, 2003, vacate the sentence imposed by the district court, and remand for re-sentencing.[2]

VACATED AND REMANDED.

---

1. *Ameline* also dictates that we vacate the sentence enhancement for obstruction of justice imposed on Magana pursuant to U.S.S.G. § 3C1.1 and remand to the district court for reconsideration in accord with this disposition.

2. The resolution of this case based on *Ameline* makes it unnecessary to address the other issues presented in the petition for rehearing, notably the question of whether the district

court properly imposed consecutive sentences under U.S.S.G. § 5G1.2. *Compare United States v. Buckland,* 289 F.3d 558 (9th Cir. 2002) (en banc) *with United States v. Jordan,* 291 F.3d 1091, 1096 (9th Cir.2002). We do not reach the question of whether this case is controlled by *Buckland* or *Jordan,* nor do we reach the question as to whether *Ameline* affects the imposition of consecutive sentences in this context.